IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

SYLVIA COBBINS )
)
v. ) No. 3:15-1217
) Judge Haynes/Newbern
SOCIAL SECURITY ADMINISTRATION )

To: The Honorable William J. Haynes, Senior Judge

**REPORT AND RECOMMENDATION**

This Social Security appeal awaits the filing of plaintiff's motion for judgment on the administrative record, as first directed by order entered January 25, 2016. (Docket No. 13.) On February 25, 2016, the *pro se* plaintiff filed a motion for extension of time in which to file her motion for judgment, stating that she had not been able to secure representation and had been in the hospital. (Docket No. 15.) This motion was granted, extending the time for filing of plaintiff's motion for judgment until August 15, 2016. (Docket No. 16.) That deadline passed without any filing from plaintiff. By order entered August 22, 2016, plaintiff was directed to show cause, within fourteen (14) days of receiving the order, why her complaint should not be dismissed for failure to prosecute. (Docket No. 19.) Plaintiff was forewarned that failure to respond to the show cause order would likely result in a recommendation that her case be dismissed. *Id.* The Clerk's Office docketed the certified mail receipt reflecting mailing of the show cause order on August 24, 2016. (Docket No. 20.) On September 12, 2016, this certified mailing was returned to the Clerk's Office as "unclaimed" by plaintiff. (Docket No. 21.)

Regrettably, as of the date of this report, plaintiff has failed to file her motion for judgment or otherwise show cause why her case should not be dismissed for failure to prosecute. It is well-settled that courts have the inherent power to manage their own dockets, *Link v.*

1

*Wabash R.R. Co.,* 370 U.S. 626, 629-631 (1961), and that Rule 41(b) of the Federal Rules of Civil Procedure contemplates dismissal of an action for the "fail[ure] to prosecute or to comply with these rules or a court order," even in the absence of a motion. *Id*. at 630–31; *Jourdan v. Jabe*, 951 F.2d 108, 109 (6th Cir. 1992). Plaintiff has had ample time to secure counsel or to file her motion for judgment *pro se*. In view of her failure to do so, or to otherwise show cause why her time for filing should be further extended, the undersigned RECOMMENDS that this case be DISMISSED due to plaintiff's failure to prosecute or to comply with the Court's orders.

Any party has fourteen (14) days from receipt of this Report and Recommendation in which to file any written objections to it with the District Court. Any party opposing said objections shall have fourteen (14) days from receipt of any objections filed in which to file any responses to said objections. Failure to file specific objections within fourteen (14) days of receipt of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. *Thomas v. Arn*, 474 U.S. 140 (1985); *Cowherd v. Million*, 380 F.3d 909, 912 (6th Cir. 2004) (en banc).

**ENTERED** this 16th day of September, 2016.

_____
ALISTAIR E. NEWBERN
UNITED STATES MAGISTRATE JUDGE